

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, 7th floor*　　　　　*973-645-2700*
*Newark, New Jersey 07102*

JFM/PL AGR
2022R00550

June 28, 2023

Andrew Olesnycky, Esq.
Stahl Gasiorowski
53 Cardinal Drive, 3rd Fl.
Westfield, NJ 07090

CR. 23-872 (RBK)

　　　　Re:　　Rule 11(c)(1)(C) Plea Agreement with Ian Wooten

Dear Counsel:

　　　　This letter sets forth the plea agreement between your client, Ian Wooten ("WOOTEN" or the "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **July 21, 2023**, if it is not accepted in writing by that date. If WOOTEN does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charges

　　　　Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from WOOTEN to a three-count Information, which charges WOOTEN with the following: (1) Conspiracy to Distribute Controlled Substances, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), in violation of 21 U.S.C. § 846 (Count One); (2) Conspiracy to Traffick Firearms, in violation of 18 U.S.C. § 933(a)(3) (Count Two); and (3) Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (Count Three).

　　　　If WOOTEN enters a guilty plea and is sentenced on these charges to at least 60 months' imprisonment and no more than 78 months' imprisonment and four years of supervised release (the "Stipulated Range"), and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against WOOTEN for: (1) from in or around November 2022 through in or around January 2023, conspiring with others to distribute or possess with intent to distribute controlled substances; (2) from in or around July 2022 through in or around January 2023, conspiring with others to possess, ship, transport, transfer,

cause to be transported, or otherwise dispose of firearms; or (3) on or about January 4, 2023, distributing or possessing with the intent to distribute fentanyl.

However, the parties agree that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq. And, if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against WOOTEN even if the applicable statute of limitations period for those charges expires after WOOTEN signs this agreement, and WOOTEN agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, WOOTEN may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), WOOTEN will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of 21 U.S.C. § 846 to which WOOTEN agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence 40 years, a mandatory minimum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 933(a)(3) to which WOOTEN agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 15 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) to which WOOTEN agrees to plead guilty in Count Three of the Information carries a statutory maximum prison sentence of 40 years, a mandatory minimum prison sentence of 5 years, and a statutory maximum fine equal to the greatest of (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The prison sentences on all Counts may run consecutively to each other or to any prison sentence WOOTEN is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and WOOTEN agree that the Stipulated Range is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court must sentence WOOTEN to at least 60 months' imprisonment and no more than 78 months' imprisonment and four years of supervised release.

Further, in addition to imposing any other penalty on WOOTEN, the sentencing judge as part of the sentence:

(1) will order WOOTEN to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order forfeiture, pursuant to 18 U.S.C. § 924(d), 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(3) may deny WOOTEN certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a;

(4) pursuant to 21 U.S.C. § 841, must require WOOTEN to serve a term of supervised release of at least four years on each of Counts One and Three, which will begin at the expiration of any term of imprisonment imposed. Should WOOTEN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, WOOTEN may be sentenced to not more than three years' imprisonment on Counts One and Three in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release; and

(5) pursuant to 18 U.S.C. § 3583, may require WOOTEN to serve a term of supervised release of not more than three years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should WOOTEN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, WOOTEN may be sentenced to not more than two years' imprisonment on Count Two in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously

served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of his acceptance of responsibility, WOOTEN agrees to forfeit to the United States: (i) pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offenses charged in Counts One and Three of the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offenses; and (ii) pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, any firearms and ammunition involved in the commission of the offense charged in Count Two of the Information. Such property includes, but is not limited to, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461: a Springfield model XD 9mm semiautomatic handgun, bearing serial number GM766177, and a Smith & Wesson model SD40 VE .40 caliber semiautomatic handgun, bearing serial number FDE9779, and six Glock-brand firearm slides (the "Forfeitable Property"), which WOOTEN acknowledges were involved in the commission of knowing violations of 18 U.S.C. § 933(a)(3).

WOOTEN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. WOOTEN understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of WOOTEN's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. WOOTEN waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

WOOTEN also consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 18 U.S.C. § 984. WOOTEN agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent WOOTEN has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. WOOTEN further agrees to take all necessary steps to pass clear title to the Forfeitable Property to

the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

WOOTEN further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of his right, title, and interest in the Forfeitable Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on WOOTEN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of WOOTEN's activities and relevant conduct with respect to this case.

Stipulations

This Office and WOOTEN agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

If the Court imposes a sentence within the Stipulated Range, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, WOOTEN will not challenge by any means his conviction or any component of his/her sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim WOOTEN pursues in an appropriate forum, when permitted by law, that WOOTEN received constitutionally ineffective assistance of counsel.

## Immigration Consequences

WOOTEN understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in WOOTEN being subject to immigration proceedings and removed from the United States by making WOOTEN deportable, excludable, or inadmissible, or ending WOOTEN's naturalization. WOOTEN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. WOOTEN

wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause WOOTEN's removal from the United States. WOOTEN understands that WOOTEN is bound by this guilty plea regardless of any immigration consequences. Accordingly, WOOTEN waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. WOOTEN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against WOOTEN. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between WOOTEN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: */s/ John F. Mezzanotte*
John F. Mezzanotte
Assistant U.S. Attorney

APPROVED:

DESIREE L. GRACE
Deputy Chief, Criminal Division

I have received this letter from my attorney, Andrew Olesnycky, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

/s/ Ian Wooten
_____
Ian Wooten

Date:   September 8, 2023

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*Andrew Olesnycky*
_____
Andrew Olesnycky, Esq.
Counsel for Defendant

Date:   September 9, 2023

Rule 11(c)(1)(C) Plea Agreement with Ian Wooten

Schedule A

This Office and WOOTEN agree to stipulate to the following facts:

1. From at least as early as in or around November 2022 through in or around January 2023, in Union County, in the District of New Jersey and elsewhere, WOOTEN knowingly and intentionally conspired with others to distribute and possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

2. From at least as early as in or around July 2022 until at least in or around December 2022, in Union County, in the District of New Jersey and elsewhere, WOOTEN knowingly and willfully conspired with others, to ship, transport, transfer, cause to be transported, and otherwise dispose of a firearm or firearms to another person in or otherwise affecting interstate and foreign commerce, knowing and with reason to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony.

3. On or about January 4, 2023, in Middlesex County, in the District of New Jersey, WOOTEN knowingly possessed with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.